MICHAEL BAILEY
United States Attorney
District of Arizona
ANGELA W. WOOLRIDGE
AZ State Bar No. 022079
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: angela.woolridge@usdoj.gov
Attorneys for Plaintiff

FILED ____ LODGED ____
RECEIVED ____ COPY ____
JAN 29 2021
CLERK US DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR11-00922-001-TUC-JAS (JR) |
| vs. | Plea Agreement |
| Ruben Arnulfo Chavarin, | |
| Defendant. | |

The United States of America and the defendant, Ruben Arnulfo Chavarin, agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to Count Nine of the Indictment, charging the defendant with a violation of Title 18, United States Code, Section 554(a), Smuggling Goods from the United States, a felony offense. The defendant also agrees not to contest the Forfeiture Allegation of the Indictment. The government agrees to dismiss Counts One through Six of the Indictment against the defendant at the time of sentencing. The government also agrees not to file an additional charge of Failure to Appear – Bail Jumping, in violation of Title 18, United States Code, Sections 3146(a)(1), (b)(1)(A)(ii) and (b)(2), in connection with the defendant's failure to appear in this matter.

///

## ELEMENTS OF THE CRIME

The essential elements of Smuggling Goods from the United States are that:

(A) The defendant knowingly attempted to export from the United States any merchandise, article, or object; and

(B) The exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

(C) The defendant knew the exportation of the merchandise, article, or object was contrary to any law or regulation of the United States.

## STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

Maximum Penalties: The defendant understands and agrees that the maximum penalty for the offense to which he is pleading are a fine of $250,000, a maximum term of ten (10) years imprisonment, or both, and a maximum term of three (3) years supervised release.

The defendant agrees to pay a fine unless the defendant establishes the applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

Special Assessment: The defendant understands that in accordance with Title 18, United States Code, Section 3013, upon entry of judgment of conviction, there shall be assessed a $100.00 special assessment for each felony count.

Immigration consequence: The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he wants to plead guilty

regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

Agreement Regarding Sentencing:

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree that the below stipulated sentencing ranges, based on the defendant's criminal history (CH), are an appropriate disposition of this case:

    (1) 78 - 97 months imprisonment if the defendant is in CH category I;

    (2) 87 -108 months imprisonment if the defendant is in CH category II;

    (3) 97 -120 months imprisonment if the defendant is in CH category III;

    (4) 110 - 120 months imprisonment if the defendant is in CH category IV;

    (5) 120 months imprisonment if the defendant is in CH category V;

    (6) 120 months imprisonment if the defendant is in CH category VI.

The above stipulated sentencing ranges are based on the United States Sentencing Guidelines:

| | |
|---|---|
| Base Offense Level (§ 2M5.2(a)(2)) | 26 |
| Obstruction of Justice (§ 3C1.1) | +2 |
| Total Adjusted Offense Level | 28 |

b. The defendant may withdraw from the plea agreement if he receives a sentence in excess of the stipulated sentencing range based upon Probation's calculation of the defendant's criminal history score and category.

c. The defendant understands and agrees that this plea agreement contains all the terms, conditions and stipulations regarding sentencing. If the defendant requests or if the Court authorizes any reduction of sentence, either by departure or variance, not specifically agreed to in writing by the parties, the government may withdraw from the plea agreement.

d. If the Court departs from the terms and conditions set forth in this plea agreement, either party may withdraw.

e.  If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement and allow the defendant an opportunity to withdraw the defendant's guilty plea, all pursuant to Rule 11(c)(5) and Rule 11(d)(2)(A), Fed. R. Crim. P.

f.  The defendant understands that if the defendant violates any of the conditions of the defendant's supervised release, the supervised release may be revoked. Upon such revocation, notwithstanding any other provision of this agreement, the defendant may be required to serve an additional term of imprisonment or the defendant's sentence may otherwise be altered.

g.  The defendant and the government agree that this agreement does not in any manner restrict the actions of the government in any other district or bind any other United States Attorney's Office.

h.  This plea agreement is contingent upon the successful guilty plea of all of the co-defendants in this matter. If any co-defendant does not plead guilty in this case, the government reserves the right to withdraw from this plea agreement.

<u>Disclosure of Information to U.S. Probation:</u>

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a.  All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b.  All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c.  All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d.  All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

4

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or to the petition to revoke, or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, the defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether the defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar a claim of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)) or a claim by the defendant of ineffective assistance of counsel.

Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional

1 agreements, if any such agreements exist, shall be recorded in separate documents and may
2 be filed with the Court under seal. Accordingly, additional agreements, if any, may not be
3 in the public record.

### AGREEMENT AS TO FORFEITURE

a. The defendant, Ruben Arnulfo Chavarin, knowingly and voluntarily agrees to forfeit all right, title and interest in the following:

- Norinco/CSI model NHM91 7.62x39mm caliber rifle, serial number 9205261
- Beretta model 84FS Cheetah .380 ACP caliber pistol, serial number H49522Y
- Beretta model 92FS 9mm caliber pistol, serial number J69620Z
- Beretta model 92FS 9mm caliber pistol, serial number J69367Z
- Beretta model 90-TWO .40 S&W caliber pistol, serial number TYO8778
- Beretta model 92FS 9mm caliber pistol, serial number BER066609
- Beretta model 92FS 9mm caliber pistol, serial number BER085398
- Beretta model 92FS 9mm caliber pistol, serial number BER360489Z; and
- 12,525 rounds of Igman 7.62x39mm caliber ammunition

(hereinafter "Firearms and Ammunition").

b. The defendant further admits that the Firearms and Ammunition represent property involved in the commission of the offense in violation of Title 18, United States Code, Section 554(a), and are therefore forfeitable pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

c. The defendant admits that the Firearms and Ammunition have been transferred, sold to, or deposited with a third party, or placed beyond the jurisdiction of the court and are no longer available for forfeiture as described in Title 21, United States Code, Section 853(p)(1).

d. The defendant knowingly and voluntarily agrees to the entry of a substitute assets judgment and agrees to pay and forfeit the amount of the total value of the Firearms and Ammunition in United States currency, as a substitute asset in lieu of, and in satisfaction of, the forfeiture of the unrecovered Firearms, as authorized by Title 21, United States Code, Section 853(p)(2), as incorporated by Title 28, United States Code, Section 2461(c).

e.  The defendant agrees to pay in full the total value of the Firearms and Ammunition in United States currency, or in consecutive monthly installments, via a certified check or money order, made payable to the United States Marshals Service, Sandra O'Connor Courthouse, Suite 270, Attention: D. Harkins, 401 W. Washington St., SPC-64, Phoenix, Arizona 85003-2159.

f.  In the event the defendant does not remit a certified check or money order totaling the total value of the Firearms and Ammunition in United States currency, or fails to make consecutive monthly installments towards that amount, to the government, the defendant knowingly and voluntarily agrees, that pursuant to Tile 21, United States Code, Section 853(p), the United States will seek forfeiture of any other property of said defendant, up to the value of the unrecovered Firearms ($10,307.20 in United States currency), or the unpaid balance, including but not limited to, all property, both real and personal, owned by the defendant.

g.  The defendant acknowledges that failure to pay on or satisfy the the total value of the Firearms and Ammunition in United States currency judgment could allow for referral of the debt to the United States Department of Treasury for the purpose of collecting debts through the Treasury Offset Program. Under this program, the Department of Treasury will reduce or withhold any eligible Federal payments by the amount of the debt. This "offset" process is authorized by the Debt Collection Act of 1982, as amended by the Debt Collection Improvement Act of 1996 and the Internal Revenue Code.

h.  The defendant knowingly and voluntarily consents to the entry of orders of forfeiture for the unrecovered Firearms and Ammunition, the total value of the Firearms and Ammunition in United States currency, or any other assets or property seized related to satisfying the forfeiture, covered by this agreement. The defendant waives the requirements of Federal Rules of Criminal Procedure, Rule 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

i.  The defendant knowingly and voluntarily agrees to waive all interest in the unrecovered Firearms and Ammunition or other property that may be seized, in any administrative, civil or criminal judicial proceeding, whether state or federal, which may be initiated.

j.  The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time his guilty plea is accepted.

k.  The defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, any jeopardy defense or claim of double jeopardy, or any other means), and knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or punishment, to any forfeiture carried out in accordance with this plea agreement on any grounds.

l.  The defendant knowingly and voluntarily agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with any seizure or forfeiture of the assets, or forfeiture of any other property that is related to satisfying the $10,307.20 in United States currency, covered by this agreement.

m.  The defendant knowingly and voluntarily agrees and understands that the forfeiture of assets carried out in accordance with this plea agreement including any payment made by the defendant, or property seized, to satisfy the total value of the Firearms and Ammunition in United States currency, shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

n.  The defendant agrees that the forfeiture provisions of this agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement.  The forfeitability of any

particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding on defendant's heirs, successors, and assigns until the agreed forfeiture is collected in full.

o. The defendant shall receive credit for payments made by other co-defendants in this case, which amount shall not exceed the total value of the Firearms and Ammunition in United States currency.

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my

probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

    I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

    I am satisfied that my defense attorney has represented me in a competent manner.

    I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

Factual Basis:

    I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

> In January and February, 2011, the defendant, Ruben Arnulfo Chavarin, along with the co-defendants in this case, smuggled firearms and ammunition intended for unlawful exportation from the United States into the Republic of Mexico. Specifically, on five separate occasions in January of 2011, the defendant purchased a total of eight firearms from federally licensed firearms dealers in Tucson, Arizona, on behalf of another individual and with the intent that the firearms be provided to the other individual for the purpose of smuggling the firearms into Mexico.

> Beginning in or before December of 2010 and continuing through February of 2011, the defendant purchased and took possession of several thousand rounds of ammunition for the purchase of smuggling the ammunition into Mexico. On February 11, 2011, in Tucson, the defendant provided 12,525 rounds of ammunition to his co-defendants for the purpose of smuggling the ammunition into Mexico. The defendant also purchased an additional 8,700 rounds of ammunition and concealed it in the rear quarter panels and center

console of a vehicle. The defendant then attempted to exit the United States and enter Mexico through the Port of Entry driving the vehicle containing the hidden ammunition, with the intention to unlawfully export the ammunition into Mexico.

At the time of the defendant's smuggling offenses, the firearms and ammunition were classified as United States Munitions List items, and were unlawful for exportation from the United States without a license. Neither the defendant, his co-defendants, nor any of the other individuals involved in the weapons smuggling offenses had a license or any lawful authority to export firearms and ammunition into Mexico.

1/25/21
Date

_____
Ruben Arnulfo Chavarin
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of his right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

1/25/21
Date

_____
~~Daniel W. Anderson, Esq.~~ Benjamin W. Aguilera
Attorney for the defendant

11

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

MICHALE BAILEY
United States Attorney
District of Arizona

ANGELA WOOLRIDGE
Digitally signed by ANGELA WOOLRIDGE
Date: 2021.01.05 12:34:12 -07'00'

_____
Date

ANGELA W. WOOLRIDGE
Assistant U.S. Attorney